UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08222-SK | Date | March 6, 2019 |
|---|---|---|---|
| Title | Nelfred Fred Smith v. Felipe Martinez | | |

Present: The Honorable Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER DISMISSING PETITION FOR LACK OF JURISDICTION**

Petitioner is a federal prisoner suing under 28 U.S.C. § 2241 to challenge his conviction and sentence from the District of Arizona. "[T]o determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864.

Here, Petitioner does not challenge the manner, location, or conditions of his sentence. Instead, he contests the legality of his federal conviction and sentence. (ECF 1 at 3-5). Thus, Petitioner's claim falls under § 2255, not § 2241. The "Savings Clause" of § 2255 does not apply, for there is no showing that Petitioner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Hernandez*, 204 F.3d at 864-65. While he alludes to "actual innocence," his claims rest on the legal definitions of crime of violence, not the underlying facts of his offense. (ECF 21 at 3-4). *See Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (Legal claims have "nothing to do with factual innocence"). Nor has Petitioner shown that he has not had an "unobstructed procedural shot" at presenting his claims under § 2255. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

For these reasons, the Petition is dismissed for lack of jurisdiction under § 2241. Judgment dismissing the action without prejudice will be entered accordingly.